IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LHO CHICAGO RIVER, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH J. PERILLO, ROSEMOOR SUITES, LLC, and PORTFOLIO HOTELS & RESORTS, LLC, <br><br> Defendants. | Case No. 1:16-cv-6863 <br><br> **TRIAL BY JURY DEMANDED** |

## COMPLAINT

Plaintiff LHO Chicago River, L.L.C., by its attorneys, Quarles & Brady LLP, hereby states its Complaint against Defendants Joseph J. Perillo, Rosemoor Suites, LLC, and Portfolio Hotels & Resorts, LLC as follows:

### THE PARTIES

1. Plaintiff LHO Chicago River, L.L.C. ("LHO") is a Delaware limited liability company with its principal place of business located at 333 North Dearborn Street, Chicago, Illinois 60654.

2. Upon information and belief, Defendant Joseph J. Perillo ("Perillo") is an individual residing at 130 North Dee Road, Park Ridge, Illinois 60068.

3. Upon information and belief, Defendant Rosemoor Suites, LLC ("Rosemoor") is an Illinois limited liability company with its principal place of business located at 1035 North Clark Street, Chicago, Illinois 60610.

4. Upon information and belief, Perillo is the sole member of Rosemoor.

5. Upon information and belief, Defendant Portfolio Hotels & Resorts, LLC ("Portfolio Hotels & Resorts") is an Illinois limited liability company with its principal place of business located at 601 Oakmont Lane, Suite 420, Westmont, Illinois 60559.

## JURISDICTION AND VENUE

6. This is an action for federal trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement under Illinois common law; and deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).

8. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction over Perillo under 735 Ill. Comp. Stat. 5/2-209 because he resides within and transacts business within the State of Illinois and the Northern District of Illinois. Perillo has caused and is causing injury and damages within Illinois and this judicial district by committing infringing acts within Illinois and this judicial district.

10. This Court has personal jurisdiction over Rosemoor under 735 Ill. Comp. Stat. 5/2-209 because it is organized under the laws of the State of Illinois and transacts business within Illinois and the Northern District of Illinois. Rosemoor has caused and is causing injury and damages within Illinois and this judicial district by committing infringing acts within Illinois and this judicial district.

11. This Court has personal jurisdiction over Portfolio Hotels & Resorts under 735 Ill. Comp. Stat. 5/2-209 because it is organized under the laws of the State of Illinois and transacts

business within Illinois and the Northern District of Illinois. Portfolio Hotels & Resorts has caused and is causing injury and damages within Illinois and this judicial district by committing infringing acts within Illinois and this judicial district.

12. Venue in the Northern District of Illinois is proper under 28 U.S.C. § 1391.

## FACTS GIVING RISE TO THIS ACTION

13. LHO owns Hotel Chicago, an urban boutique hotel located at 333 North Dearborn Street in the River North area of downtown Chicago. Below is a true and correct copy of a photograph of Hotel Chicago and its building marquee:



14. LHO is the owner of all rights in and to the HOTEL CHICAGO trademark for use in connection with hotel services.

15. LHO has used the HOTEL CHICAGO mark in connection with hotel services since at least as early as February 2014, when LHO converted the former Hotel Sax into Hotel Chicago.

16. Hotel Chicago is an Autograph Collection hotel by Marriott International, Inc. ("Marriott"). The Autograph Collection is a global ensemble of 106 upscale, independently-

-3-

owned hotels, each selected for its quality and character. With several dozen developments in the pipeline, the Autograph Collection is the lodging industry's fastest growing upscale brand.

17. As an Autograph Collection hotel, Hotel Chicago has the advantage of being marketed within Marriott's renowned portfolio of over 4,000 hotels in over 80 countries and territories. Guests of Hotel Chicago enjoy all the benefits of Marriott Rewards, the award-winning loyalty program that offers points for free nights and flights across the globe.

18. Hotel Chicago is currently the only Autograph Collection hotel in Illinois.

19. LHO has expended considerable money, time, and effort in promoting and popularizing the HOTEL CHICAGO mark and in preserving the goodwill associated therewith. As a result, the HOTEL CHICAGO mark is extremely valuable to LHO.

20. In June 2013, HEI Hospitality, LLC, the manager of Hotel Chicago, registered the domain name of "thehotelchicago.com."

21. In addition to Hotel Chicago's presence within the Marriott brand, team members from LHO regularly attend trade shows to represent and promote Hotel Chicago.

22. Since February 2014, approximately 246,000 rooms have been booked at Hotel Chicago under the HOTEL CHICAGO name.

23. Due to its widespread and continuous use, the HOTEL CHICAGO mark has acquired a high degree of recognition, particularly among consumers who travel to Chicago, and serves to designate the source of LHO's hotel services.

24. The HOTEL CHICAGO mark is entitled to immediate and extensive protection from infringement, unfair competition, and injury.

25. Upon information and belief, in or around May 2016, Perillo opened a new "Hotel Chicago," formerly the Rosemoor Hotel, located at 1622 West Jackson Boulevard in Chicago.

This new Hotel Chicago (hereinafter, "Defendants' Hotel Chicago") is located only three miles from LHO's original Hotel Chicago.

26. Upon information and belief, Defendants' Hotel Chicago is operated by Portfolio Hotels & Resorts. Upon information and belief, on or around January 28, 2016, Portfolio Hotels & Resorts registered the domain name of "hotelchicago1622.com."

27. Upon information and belief, on or around February 17, 2016, Rosemoor filed with the United States Patent and Trademark Office ("PTO") an intent-to-use application under 15 U.S.C. § 1051(b), U.S. Serial No. 86/910,607, for registration of the mark HOTEL CHICAGO for use in connection with hotel services in International Class 43.

28. Upon information and belief, on or around March 2, 2016, Rosemoor filed with the PTO an intent-to-use application under 15 U.S.C. § 1051(b), U.S. Serial No. 86/926,504, for registration of the following HOTEL CHICAGO design mark for use in connection with hotel services in International Class 43:



29. LHO has not authorized Defendants to use the HOTEL CHICAGO mark.

30. LHO's rights in the HOTEL CHICAGO mark are superior to any rights Defendants may have in the HOTEL CHICAGO mark.

31. On June 15, 2016, LHO, through undersigned counsel, sent a letter to counsel for Defendants, demanding that they immediately cease all use of the HOTEL CHICAGO mark and

abandon their intent-to-use applications, U.S. Serial Nos. 86/910,607 and 86/926,504, for registration of the HOTEL CHICAGO mark and design. Defendants have not complied.

## COUNT I

### Federal Trademark Infringement - Lanham Act Section 43(a) (15 U.S.C. § 1125(a))

32. LHO realleges and incorporates by reference paragraphs 1 through 31 above as if fully set forth herein.

33. LHO has acquired common law rights in and to the HOTEL CHICAGO mark when used in connection with hotel services.

34. Defendants' use of the HOTEL CHICAGO mark so resembles LHO's HOTEL CHICAGO mark as to be likely to cause confusion or mistake and/or to deceive.

35. Defendants' use of the HOTEL CHICAGO mark is identical in appearance, sound, connotation, and commercial impression to LHO's HOTEL CHICAGO mark.

36. LHO and Defendants operate in the same channels of trade, and both provide hotel services in Chicago.

37. By reason of the foregoing, consumers familiar with LHO's HOTEL CHICAGO mark who encounter Defendants' use of the HOTEL CHICAGO mark are likely to be confused or deceived as to the source of Defendants' hotel services and/or are likely to mistakenly believe that Defendants' use of the HOTEL CHICAGO mark is authorized by or affiliated with LHO, all to the profit of Defendants and to the detriment of LHO, the lodging industry, and the public.

38. Defendants' use of the HOTEL CHICAGO mark has caused actual confusion among consumers.

39. Defendants' use of the HOTEL CHICAGO mark infringes LHO's rights in the HOTEL CHICAGO mark in violation of the Lanham Act, 15 U.S.C. § 1125(a).

40. Defendants' infringing acts have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake, and deception and irreparable injury to LHO's reputation, goodwill, and sales for which LHO cannot be adequately compensated by a monetary award.

41. Upon information and belief, Defendants' infringing acts have been intentional, willful, and in reckless disregard of LHO's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT II

### Federal Unfair Competition - Lanham Act Section 43(a) (15 U.S.C. § 1125(a))

42. LHO realleges and incorporates by reference paragraphs 1 through 41 above as if fully set forth herein.

43. Defendants' use of the HOTEL CHICAGO mark constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

44. Defendants' acts of unfair competition have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake, and deception and irreparable injury to LHO's reputation, goodwill, and sales for which LHO cannot be adequately compensated by a monetary award.

45. Upon information and belief, Defendants' acts of unfair competition have been intentional, willful, and in reckless disregard of LHO's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT III

### Illinois Deceptive Trade Practices (815 Ill. Comp. Stat. 510/1 *et seq.*)

46. LHO realleges and incorporates by reference paragraphs 1 through 45 above as if fully set forth herein.

47. Defendants' use of the HOTEL CHICAGO mark is likely to cause confusion and/or misunderstanding as to the source, sponsorship, approval, and/or certification of Defendants' hotel services.

48. As a result of the foregoing, Defendants have been and are engaged in deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*

49. Defendants' deceptive trade practices have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake, and deception and irreparable injury to LHO's reputation, goodwill, and sales for which LHO cannot be adequately compensated by a monetary award.

50. Upon information and belief, Defendants' deceptive trade practices have been willful within the meaning of 815 Ill. Comp. Stat. 510/3.

## COUNT IV

### Illinois Common Law Trademark Infringement

51. LHO realleges and incorporates by reference paragraphs 1 through 50 above as if fully set forth herein.

52. Defendants' use of the HOTEL CHICAGO mark infringes LHO's rights in the HOTEL CHICAGO mark in violation of Illinois common law.

QB\131605.00003\40416298.3

53. Defendants' infringing acts have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake, and deception and irreparable injury to LHO's reputation, goodwill, and sales for which LHO cannot be adequately compensated by a monetary award.

## PRAYER FOR RELIEF

WHEREFORE, LHO requests relief from this Court as follows:

(a) A judgment that Defendants have infringed and are infringing LHO's rights in the HOTEL CHICAGO mark in violation of 15 U.S.C. § 1125(a);

(b) A judgment that Defendants' use of the HOTEL CHICAGO mark constitutes unfair competition in violation of 15 U.S.C. § 1125(a);

(c) A judgment that Defendants have been and are engaged in deceptive trade practices in violation of 815 Ill. Comp. Stat. 510/1 *et seq.*;

(d) A judgment that Defendants have infringed and are infringing LHO's rights in the HOTEL CHICAGO mark in violation of Illinois common law;

(e) An injunction that preliminarily and permanently enjoins Defendants, including their officers, agents, employees, and representatives, and those acting in privity and/or concert therewith, from further use of the HOTEL CHICAGO mark, or any colorable form thereof, in connection with hotel services;

(f) An order directing Defendants to preliminarily and permanently deactivate the domain name of "hotelchicago1622.com";

(g) An order requiring withdrawal from the market and destruction of all signage and materials containing Defendants' use of the HOTEL CHICAGO mark in connection with hotel services;

(h) An award of damages to LHO that is adequate to compensate it for Defendants' infringement of the HOTEL CHICAGO mark, unfair competition, and deceptive trade practices, together with pre- and post-judgment interest and costs;

(i) A declaration that this is an exceptional case and an award of attorneys' fees, disbursements, and costs to LHO pursuant to 15 U.S.C. § 1117 and 815 Ill. Comp. Stat. 510/3; and

(j) Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

LHO demands a trial by jury on all issues properly tried thereto.

Dated this 30th day of June, 2016.

Respectfully submitted,

*/s/ Nicole M. Murray*
Nicole M. Murray ARDC# 6278103
nicole.murray@quarles.com
QUARLES & BRADY LLP
300 N. LaSalle Street, Suite 4000
Chicago, IL 60654
(312) 715-5000

Stacy A. Alexejun
stacy.alexejun@quarles.com
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
(608) 251-5000

***Attorneys for Plaintiff LHO Chicago River, L.L.C.***