IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LHO CHICAGO RIVER, L.L.C., | No. 1:16-cv-6863 |
| Plaintiff, | Honorable Charles P. Kocoras |
| v. | Magistrate Judge Susan E. Cox |
| JOSEPH J. PERILLO, ROSEMOOR SUITES, LLC, and PORTFOLIO HOTELS & RESORTS, LLC, | **TRIAL BY JURY DEMANDED** |
| Defendants. | |

## ANSWER TO COMPLAINT

Defendants Rosemoor Suites, LLC ("Rosemoor") and Portfolio Hotels & Resorts, LLC ("Portfolio" and together with Rosemoor "Defendants"), by and through their attorneys, and for their Answer to the Complaint filed by LHO Chicago River, L.L.C. ("Plaintiff" or "LHO"), hereby state as follows:

## THE PARTIES

### ALLEGATION NO. 1:

Plaintiff LHO Chicago River, L.L.C. ("LHO") is a Delaware limited liability company with its principal place of business located at 333 North Dearborn Street, Chicago, Illinois 60654.

### ANSWER:

Upon information and belief, and after conducting a reasonable investigation, the Delaware Secretary of State online database shows the existence of a corporation named LHO Chicago River, LLC (File Number 4099604) incorporated on January 25, 2006. Defendants cannot be asked to confirm if this corporate entity has a principal place of business in Illinois at the suggested location.

**ALLEGATION NO. 2:**

Upon information and belief, Defendant Joseph J. Perillo ("Perillo") is an individual residing at 130 North Dee Road, Park Ridge, Illinois 60068.

**ANSWER:**

Defendants are without information sufficient to form a belief as to the truth of the matter

asserted in this allegation and on this basis deny the same. Investigations are on-going.

**ALLEGATION NO. 3:**

Upon information and belief, Defendant Rosemoor Suites, LLC ("Rosemoor") is an Illinois limited liability company with its principal place of business located at 1035 North Clark Street, Chicago, Illinois 60610.

**ANSWER:**

Admitted.

**ALLEGATION NO. 4:**

Upon information and belief, Perillo is the sole member of Rosemoor.

**ANSWER:**

Admitted.

**ALLEGATION NO. 5:**

Upon information and belief, Defendant Portfolio Hotels & Resorts, LLC ("Portfolio Hotels & Resorts") is an Illinois limited liability company with its principal place of business located at 601 Oakmont Lane, Suite 420, Westmont, Illinois 60559.

**ANSWER:**

Admitted.

## JURISDICTION AND VENUE

**ALLEGATION NO. 6:**

This is an action for federal trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement under Illinois common law; and deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*

2

**ANSWER:**

This statement summarizes the nature of the current four-count complaint. This allegation does not require an answer from Defendants. To the extent an answer is needed, Defendants admit this allegation.

**ALLEGATION NO. 7:**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).

**ANSWER:**

Admitted.

**ALLEGATION NO. 8:**

This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

**ANSWER:**

Admitted.

**ALLEGATION NO. 9:**

This Court has personal jurisdiction over Perillo under 735 Ill. Comp. Stat. 5/2-209 because he resides within and transacts business within the State of Illinois and the Northern District of Illinois. Perillo has caused and is causing injury and damages within Illinois and this judicial district by committing infringing acts within Illinois and this judicial district.

**ANSWER:**

Denied. Perillo has not caused nor is causing injury and damages within Illinois. Mr. Perillo owns corporations, which operate in Illinois and which are accused herein of infringement. Mr. Perillo in his own private capacity should not be involved personally in this lawsuit and a motion to dismiss Mr. Perillo is filed concurrently with this Answer.

**ALLEGATION NO. 10:**

This Court has personal jurisdiction over Rosemoor under 735 Ill. Comp. Stat. 5/2-209 because it is organized under the laws of the State of Illinois and transacts business within

Illinois and the Northern District of Illinois.  Rosemoor has caused and is causing injury and damages within Illinois and this judicial district by committing infringing acts within Illinois and this judicial district.

**ANSWER:**

Admitted in part and denied in part. The first sentence of this allegation is admitted. As to the second sentence, Rosemoor cannot have caused nor is causing injury within this judicial district as there are no infringing acts occurring. The expression HOTEL CHICAGO is generic for hotel services and may also be geographically descriptive for hotel services in the city of Chicago. Absent a secondary meaning (which this Plaintiff cannot prove and does not own), there is no possible injury being caused in Illinois giving jurisdiction to this Court.

**ALLEGATION NO. 11:**

This Court has personal jurisdiction over Portfolio Hotels & Resorts under 735 Ill. Comp. Stat. 5/2-209 because it is organized under the laws of the State of Illinois and transacts business within Illinois and the Northern District of Illinois.  Portfolio Hotels & Resorts has caused and is causing injury and damages within Illinois and this judicial district by committing infringing acts within Illinois and this judicial district.

**ANSWER:**

Admitted in part and denied in part. The first sentence of this allegation is admitted. As to the second sentence, Portfolio Hotels & Resorts, LLC cannot have caused nor is causing injury within this judicial district as there are no infringing acts occurring. The expression HOTEL CHICAGO is generic for hotel services and may also be geographically descriptive for hotel services in the city of Chicago. Absent a secondary meaning (which this Plaintiff cannot prove and does not own), there is no possible injury being caused in Illinois giving jurisdiction to this Court. Furthermore, upon information and belief, this Defendant is a management company managing a property and the accused acts do not relate to a management corporation but would only apply to a party using a potentially problematic expression in commerce, namely Rosemoor Suites, LLC.

4

**ALLEGATION NO. 12:**

Venue in the Northern District of Illinois is proper under 28 U.S.C. § 1391.

**ANSWER:**

Admitted.

## FACTS GIVING RISE TO THIS ACTION

**ALLEGATION NO. 13:**

LHO owns Hotel Chicago, an urban boutique hotel located at 333 North Dearborn Street in the River North area of downtown Chicago. Below is a true and correct copy of a photograph of Hotel Chicago and its building marquee:



**ANSWER:**

Defendants do not have enough information to admit who owns the hotel located at 333 North Dearborn Street operating in part as HOTEL CHICAGO DOWNTOWN, AUTOGRAPH COLLECTION. Defendants admit that the image reproduced above shows in part the hotel located at 333 North Dearborn Street in Chicago and more importantly that CHICAGO and the Design located above Chicago is the word used to describe this building. The word HOTEL as shown is illegible.

**ALLEGATION NO. 14:**

LHO is the owner of all rights in and to the HOTEL CHICAGO trademark for use in connection with hotel services.

**ANSWER:**

Denied.

**ALLEGATION NO. 15:**

LHO has used the HOTEL CHICAGO mark in connection with hotel services since at least as early as February 2014, when LHO converted the former Hotel Sax into Hotel Chicago.

**ANSWER:**

Admitted in part and denied in part. As shown by Plaintiff's own illustration above, at best the word CHICAGO is being used alongside this building. Defendants admit that the hotel found at 333 North Dearborn Street was once branded as HOTEL SAX.

**ALLEGATION NO. 16:**

Hotel Chicago is an Autograph Collection hotel by Marriott International, Inc. ("Marriott"). The Autograph Collection is a global ensemble of 106 upscale, independently-owned hotels, each selected for its quality and character. With several dozen developments in the pipeline, the Autograph Collection is the lodging industry's fastest growing upscale brand.

**ANSWER:**

Admitted in part and denied in part. Defendants admit that on the website thehotelchicago.com appears to show that the hotel located at 333 North Dearborn Street in Chicago and branded CHICAGO & Design is part of an "Autograph Collection" of hotels as advertised by the Marriott platform. Defendants cannot opine without discovery as to the number and types of hotels found in this group of properties. Defendants also cannot opine as to the future developments or other features of this group of hotels as marketed by a third party.

**ALLEGATION NO. 17:**

As an Autograph Collection hotel, Hotel Chicago has the advantage of being marketed within Marriott's renowned portfolio of over 4,000 hotels in over 80 countries and territories.

Guests of Hotel Chicago enjoy all the benefits of Marriott Rewards, the award-winning loyalty program that offers points for free nights and flights across the globe.

**ANSWER:**

Admitted in part and denied in part. The allegation refers to an "Autograph Collection" hotel, which is admitted to referring to U.S. Registration No. 3,808,481 owned by Marriott International, Inc., a third party not present in this suit. Defendants cannot admit if Plaintiff licenses this mark or any rights associated therewith and therefore denies. Defendants can admit that Marriott appears to own the Autograph Collection® mark which is used with multiple hotels in multiple countries. Defendants can also admit that Plaintiff's hotel at 333 North Dearborn Street as used in the website appears to be branded (at least in part) with this third-party mark.

**ALLEGATION NO. 18:**

Hotel Chicago is currently the only Autograph Collection hotel in Illinois.

**ANSWER:**

Denied. Defendants deny that Hotel Chicago is a valid identifier for the hotel located at 333 North Dearborn Street in Chicago, Illinois. Second, the third party Marriott.com also brands a hotel located at 630 North Rush Street, Chicago as AC Hotel Chicago Downtown. Upon information and belief, the acronym "AC" may be related to Autograph Collection.

**ALLEGATION NO. 19:**

LHO has expended considerable money, time, and effort in promoting and popularizing the HOTEL CHICAGO mark and in preserving the goodwill associated therewith. As a result, the HOTEL CHICAGO mark is extremely valuable to LHO.

**ANSWER:**

Denied.

**ALLEGATION NO. 20:**

In June 2013, HEI Hospitality, LLC, the manager of Hotel Chicago, registered the domain name of "thehotelchicago.com."

7

**ANSWER:**

Admitted in part and denied in part. This allegation refers to HEI Hospitality, LLC, a third party not present in this case. To the extent Defendants must admit or deny who manages Plaintiff's hotel at 333 North Dearborn Street, Defendants deny this allegation. Defendants, upon a reasonable investigation, can admit that an organization named HEI Hotels appears to own this domain name.

**ALLEGATION NO. 21:**

In addition to Hotel Chicago's presence within the Marriott brand, team members from LHO regularly attend trade shows to represent and promote Hotel Chicago.

**ANSWER:**

Defendants have no information as to the representation by Plaintiff at trade shows and the promotion of their hotel located at 333 North Dearborn Street. To the extent these allegations must be either denied or admitted, they are denied.

**ALLEGATION NO. 22:**

Since February 2014, approximately 246,000 rooms have been booked at Hotel Chicago under the HOTEL CHICAGO name.

**ANSWER:**

Defendants have no information as to the number of rooms rented by the Plaintiff at the hotel located at 333 North Dearborn Street since February 2014. To the extent these allegations must be either denied or admitted, Defendants can admit that rooms are currently being offered for reservation at the 333 North Dearborn Street but deny the rest of these allegations.

**ALLEGATION NO. 23:**

Due to its widespread and continuous use, the HOTEL CHICAGO mark has acquired a high degree of recognition, particularly among consumers who travel to Chicago, and serves to designate the source of LHO's hotel services.

CHICAGO/#2867766.3

**ANSWER:**

Denied.

**ALLEGATION NO. 24:**

The HOTEL CHICAGO mark is entitled to immediate and extensive protection from infringement, unfair competition, and injury.

**ANSWER:**

Denied.

**ALLEGATION NO. 25:**

Upon information and belief, in or around May 2016, Perillo opened a new "Hotel Chicago," formerly the Rosemoor Hotel, located at 1622 West Jackson Boulevard in Chicago. This new Hotel Chicago (hereinafter, "Defendants' Hotel Chicago") is located only three miles from LHO's original Hotel Chicago.

**ANSWER:**

Admitted in part and denied in part. Defendants can confirm that in or around May 2016, an official launch of Defendant's hotel located at 1622 West Jackson Boulevard was performed. Defendant denies the hotel at that location "opened" on that date. Defendant also admits that the distance between the hotel at 333 North Dearborn and the hotel at 1622 West Jackson is approximately 3 miles.

**ALLEGATION NO. 26:**

Upon information and belief, Defendants' Hotel Chicago is operated by Portfolio Hotels & Resorts. Upon information and belief, on or around January 28, 2016, Portfolio Hotels & Resorts registered the domain name of "hotelchicago1622.com."

**ANSWER:**

Admitted.

**ALLEGATION NO. 27:**

Upon information and belief, on or around February 17, 2016, Rosemoor filed with the United States Patent and Trademark Office ("PTO") an intent-to-use application under 15 U.S.C.

§ 1051(b), U.S. Serial No. 86/910,607, for registration of the mark HOTEL CHICAGO for use in connection with hotel services in International Class 43.

**ANSWER:**

Admitted.

**ALLEGATION NO. 28:**

Upon information and belief, on or around March 2, 2016, Rosemoor filed with the PTO an intent-to-use application under 15 U.S.C. § 1051(b), U.S. Serial No. 86/926,504, for registration of the following HOTEL CHICAGO design mark for use in connection with hotel services in International Class 43:



**ANSWER:**

Admitted.

**ALLEGATION NO. 29:**

LHO has not authorized Defendants to use the HOTEL CHICAGO mark.

**ANSWER:**

Admitted in part and denied in part. Defendants admits that no use of marks was authorized by the Plaintiff to the Defendants, but denies that HOTEL CHICAGO is a mark which can be authorized for use by this Plaintiff.

**ALLEGATION NO. 30:**

LHO's rights in the HOTEL CHICAGO mark are superior to any rights Defendants may have in the HOTEL CHICAGO mark.

**ANSWER:**

Denied.

**ALLEGATION NO. 31:**

On June 15, 2016, LHO, through undersigned counsel, sent a letter to counsel for Defendants, demanding that they immediately cease all use of the HOTEL CHICAGO mark and abandon their intent-to-use applications, U.S. Serial Nos. 86/910,607 and 86/926,504, for registration of the HOTEL CHICAGO mark and design. Defendants have not complied.

**ANSWER:**

Admitted.

**COUNT I**

**Federal Trademark Infringement - Lanham Act Section 43(a) (15 U.S.C. § 1125(a))**

**ALLEGATION NO. 32:**

LHO realleges and incorporates by reference paragraphs 1 through 31 above as if fully set forth herein.

**ANSWER:**

Defendants do not believe this allegation requires an answer. To the extent an answer is required, Defendants deny this allegation.

**ALLEGATION NO. 33:**

LHO has acquired common law rights in and to the HOTEL CHICAGO mark when used in connection with hotel services.

**ANSWER:**

Denied.

**ALLEGATION NO. 34:**

Defendants' use of the HOTEL CHICAGO mark so resembles LHO's HOTEL CHICAGO mark as to be likely to cause confusion or mistake and/or to deceive.

**ANSWER:**

Denied.

**ALLEGATION NO. 35:**

Defendants' use of the HOTEL CHICAGO mark is identical in appearance, sound, connotation, and commercial impression to LHO's HOTEL CHICAGO mark.

**ANSWER:**

Denied.

**ALLEGATION NO. 36:**

LHO and Defendants operate in the same channels of trade, and both provide hotel services in Chicago.

**ANSWER:**

Admitted in part and denied in part. Defendants admit this allegation as to Rosemoor but deny this allegation as to the other two Defendants.

**ALLEGATION NO. 37:**

By reason of the foregoing, consumers familiar with LHO's HOTEL CHICAGO mark who encounter Defendants' use of the HOTEL CHICAGO mark are likely to be confused or deceived as to the source of Defendants' hotel services and/or are likely to mistakenly believe that Defendants' use of the HOTEL CHICAGO mark is authorized by or affiliated with LHO, all to the profit of Defendants and to the detriment of LHO, the lodging industry, and the public.

**ANSWER:**

Denied.

**ALLEGATION NO. 38:**

Defendants' use of the HOTEL CHICAGO mark has caused actual confusion among consumers.

**ANSWER:**

Denied.

**ALLEGATION NO. 39:**

Defendants' use of the HOTEL CHICAGO mark infringes LHO's rights in the HOTEL CHICAGO mark in violation of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**

Denied.

**ALLEGATION NO. 40:**

Defendants' infringing acts have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake, and deception and irreparable injury to LHO's reputation, goodwill, and sales for which LHO cannot be adequately compensated by a monetary award.

**ANSWER:**

Denied.

**ALLEGATION NO. 41:**

Upon information and belief, Defendants' infringing acts have been intentional, willful, and in reckless disregard of LHO's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

**ANSWER:**

Denied.

**COUNT II**

**Federal Unfair Competition - Lanham Act Section 43(a) (15 U.S.C. § 1125(a))**

**ALLEGATION NO. 42:**

LHO realleges and incorporates by reference paragraphs 1 through 41 above as if fully set forth herein.

**ANSWER:**

Defendants do not believe this allegation requires an answer. To the extent an answer is

required, Defendants deny this allegation.

**ALLEGATION NO. 43:**

Defendants' use of the HOTEL CHICAGO mark constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**

Denied.

13

**ALLEGATION NO. 44:**

Defendants' acts of unfair competition have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake, and deception and irreparable injury to LHO's reputation, goodwill, and sales for which LHO cannot be adequately compensated by a monetary award.

**ANSWER:**

Denied.

**ALLEGATION NO. 45:**

Upon information and belief, Defendants' acts of unfair competition have been intentional, willful, and in reckless disregard of LHO's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

**ANSWER:**

Denied.

## COUNT III

### Illinois Deceptive Trade Practices (815 Ill. Comp. Stat. 510/1 *et seq.*)

**ALLEGATION NO. 46:**

LHO realleges and incorporates by reference paragraphs 1 through 45 above as if fully set forth herein.

**ANSWER:**

Defendants do not believe this allegation requires an answer. To the extent an answer is required, Defendants deny this allegation.

**ALLEGATION NO. 47:**

Defendants' use of the HOTEL CHICAGO mark is likely to cause confusion and/or misunderstanding as to the source, sponsorship, approval, and/or certification of Defendants' hotel services.

**ANSWER:**

Denied.

14

**ALLEGATION NO. 48:**

As a result of the foregoing, Defendants have been and are engaged in deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*

**ANSWER:**

Denied.

**ALLEGATION NO. 49:**

Defendants' deceptive trade practices have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake, and deception and irreparable injury to LHO's reputation, goodwill, and sales for which LHO cannot be adequately compensated by a monetary award.

**ANSWER:**

Denied.

**ALLEGATION NO. 50:**

Upon information and belief, Defendants' deceptive trade practices have been willful within the meaning of 815 Ill. Comp. Stat. 510/3.

**ANSWER:**

Denied.

**COUNT IV**

**Illinois Common Law Trademark Infringement**

**ALLEGATION NO. 51:**

LHO realleges and incorporates by reference paragraphs 1 through 50 above as if fully set forth herein.

**ANSWER:**

Defendants do not believe this allegation requires an answer. To the extent an answer is required, Defendants deny this allegation.

**ALLEGATION NO. 52:**

Defendants' use of the HOTEL CHICAGO mark infringes LHO's rights in the HOTEL CHICAGO mark in violation of Illinois common law.

**ANSWER:**

Denied.

**ALLEGATION NO. 53:**

Defendants' infringing acts have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake, and deception and irreparable injury to LHO's reputation, goodwill, and sales for which LHO cannot be adequately compensated by a monetary award.

**ANSWER:**

Denied.

## FACTS IN SUPPORT OF DEFENDANT ROSEMOOR'S AFFIRMATIVE DEFENSES & COUNTERCLAIMS

1.      Upon information and belief, the hotel located at 333 North Dearborn Street in Chicago, Illinois rebranded around February of 2007 from a first mark HOUSE OF BLUES HOTEL®, to a second mark HOTEL SAX®.

2.      Upon information and belief, the hotel located at 333 North Dearborn Street in Chicago, Illinois rebranded around February of 2014 (seven years later) from HOTEL SAX® to the current branding scheme.

3.      Upon information and belief, before this 2007 rebranding, it benefitted from statutory protection under U.S. Registration No. 2,370,089 (HOUSE OF BLUES HOTEL & DESIGN) and may have benefitted from a secondary meaning and a large public association.

4.      Upon information and belief, after the 2007 rebranding, and before the 2014 rebranding, the hotel located at 333 North Dearborn Street in Chicago, Illinois benefitted from statutory protection under U.S. Registration No. 3,436,801 (HOTEL SAX) and may have benefitted from a secondary meaning and a large public association.

5.      Upon information and belief, portions of the population still know the hotel located at 333 North Dearborn Street as either HOUSE OF BLUES HOTEL® or HOTEL SAX®.

6.      Upon information and belief, before it rebranded, after its latest rebranding in February 2014, or even today, Plaintiff has failed to apply for state or federal registration for any mark in association with the new branding of the hotel located at 333 North Dearborn Street in Chicago. While Plaintiff asserts rights, it owns no statutory rights in any mark at the moment, and cannot as a matter of law to be presumed to own any rights in the mark as alleged in this action.

7.      Upon information and belief, while it has been doing business as the HOUSE OF BLUES HOTEL for years and the HOTEL SAX for over seven years, Plaintiff has at most rebranded to the new alleged mark for two years, a period insufficient to have created as a matter of law any secondary meaning.

8.      As shown below (the webpage from www.thehotelchicago.com), to this day, this Plaintiff uses on its main website the expression HOTEL CHICAGO in association with the word DOWNTOWN, a design (square and letters), and the registered third party mark AUTOGRAPH COLLECTION®.



[www.thehotelchicago.com](www.thehotelchicago.com)

9.      As shown above, this Plaintiff has given no public notice of its claim of rights in any of the expressions that may be construed as marks, in the form of a "TM" to indicate any third party of its claim of Common Law rights over the expressions (a) HOTEL CHICAGO or (b) HOTEL CHICAGO DOWNTOWN, or (c) HOTEL CHICAGO DOWNTOWN & Design.

10.     In addition to using a logo, the word "downtown" and the third party registered mark "Autograph Collection," the street sign of the hotel does not use both words of the desired expression but instead uses in large bold letters only "CHICAGO." Furthermore, the website used by this Plaintiff is "THEHOTELCHICAGO" and not simply "HOTEL CHICAGO." The

18

hotel at 333 North Dearborn Street is, upon information and belief, marketed in one way or another using one of multiple expressions.

11.     As a consequence of the multiple rebranding, the lack of notice, and the misuse of multiple designs, words, and expressions, no claim can be made by Plaintiff of ownership of the mark HOTEL CHICAGO.

12.     Defendants began using the expressions HOTEL and CHICAGO at least as early as September of 2013 in connection with the hotel property located at 1622 West Jackson Boulevard in Chicago, Illinois.  This use by Defendants is prior to the first use date of February 2014 alleged by Plaintiff.

## FIRST AFFIRMATIVE DEFENSE
## GENERICNESS

13.     Defendants incorporates herein paragraphs 1-12 of the narrative given above.

14.     Generic expressions cannot be owned by anyone and do not function as trademarks. The expression HOTEL CHICAGO when applied to hotel services in the city of Chicago is generic and therefore cannot be infringed.

## SECOND AFFIRMATIVE DEFENSE
## GEOGRAPHICALLY DESCRIPTIVE / NO SECONDARY MEANING

15.     Defendants incorporates herein paragraphs 1-14 of the narrative given above.

16.     Some non-generic marks lack distinctiveness and can only be protected and owned if a finding of a secondary meaning is found in association with a source of original.

17.     The expression HOTEL CHICAGO for a hotel located in Chicago is geographically descriptive and has no secondary meaning and therefore is not owned by Plaintiff and cannot be infringed.

## THIRD AFFIRMATIVE DEFENSE
## LACK OF NOTICE

19

18.     Defendants incorporates herein paragraphs 1-17 of the narrative given above.

19.     Defendants had no actual notice of any claim of ownership of the valid and enforceable expression HOTEL CHICAGO at the time of filing and first use in commerce. No actual or implied public notice has been given by the Plaintiff of any claim of ownership of the expression HOTEL CHICAGO and therefore no damages can be given under the Lanham Act.

**FOURTH AFFIRMATIVE DEFENSE**
**NON OWNERSHIP**

20.     Defendants incorporates herein paragraphs 1-19 of the narrative given above.

21.     Upon information and belief, feet away from the hotel of Plaintiff, another hotel within the Marriott family is branded the AC HOTEL CHICAGO DOWNTOWN located at 630 N. Rush Street, Chicago, Illinois. Either this hotel or the use by Defendant precedes the use by this Plaintiff and therefore if any rights exist, they vest into a different corporate entity.

**FIFTH AFFIRMATIVE DEFENSE**
**LACK OF CONFUSION**

22.     Defendants incorporates herein paragraphs 1-21 of the narrative given above.

23.     Based on the co-existence of multiple different hotels in the city of Chicago including the word "Chicago" in one way or another, the co-existence of Plaintiff's hotel, the AC HOTEL CHICAGO DOWNTOWN, and Defendant's hotel, no confusion exists and can exist and therefore there can be no infringement of any mark.

**SIXTH AFFIRMATIVE DEFENSE**
**SENIOR USE**

24.     Defendants incorporates herein paragraphs 1-23 of the narrative given above.

20

25.     In light of Defendants use of the expressions HOTEL and CHICAGO in connection with hotel services prior to use by Plaintiff, Defendants are the senior user and Plaintiff has no right to enjoin or seek damages based on Defendants' senior use.

## SEVENTH AFFIRMATIVE DEFENSE
## TRADEMARK MISUSE / UNFAIR COMPETITION

26.     Defendants incorporates herein paragraphs 1-25 of the narrative given above.

27.     In an effort to monopolize online search terms, Plaintiff is illegally attempting to monopolize a generic and/or geographically descriptive expression "HOTEL CHICAGO" knowing very well that in the field of hotel reservation online, a foreign traveler wishing to reserve a room in Chicago will likely type "Hotel" and "Chicago" into a search engine. By trying to assert rights it does not own, Plaintiff is misusing the Lanham Act, trying to control an anti-trust violation and unfair competition for which it is not entitled by law.

## COUNTER-CLAIM FOR UNFAIR COMPETITION
### Illinois Deceptive Trade Practices (815 Ill. Comp. Stat. 510/1 *et seq.*)
### Illinois Consumer Fraud and Deceptive Business Practices (815 Ill. Comp. Stat. 505/2)

28.     Defendants incorporate herein paragraphs 1-27 of the narrative given above.

29.     Plaintiff is aware of various other hotels located in Chicago that use the expressions HOTEL and CHICAGO in connection with hotel services, including the AC HOTEL CHICAGO DOWNTOWN located at 630 N. Rush Street, Chicago, Illinois.

30.     Plaintiff knows or should have known that the expressions HOTEL and CHICAGO are descriptive for hotel services offered in Chicago.

31.     In an attempt to unfairly compete in the marketplace, Plaintiff knowingly has asserted trademark rights against Defendants without any right to do so.

21

32.     Plaintiff's unfair and anti-competitive business practices have caused, and will continue to cause, injury to Plaintiff including loss of sales, damage to reputation and goodwill in violation of Illinois law.

WHEREFORE, Defendants request that this Court:

(a)     enter judgment against Plaintiff that Plaintiff has no proprietary rights in the name HOTEL CHICAGO for hotel services in Chicago;

(b)     enter judgment that Plaintiff has engaged in unfair and anti-competitive business practices in violation of Illinois Deceptive Practices and/or Illinois Consumer Fraud and Deceptive Business Practices;

(c)     award damages to Defendants that is adequate to compensate Defendants for costs, loss of sales and damage to reputation and goodwill as other damages that this Court deems proper; and

(d)     award attorneys' fees to Defendant pursuant to 815 Ill. Comp. Stat. 510/3.

Respectfully submitted,

Rosemoor Suites, LLC and Portfolio Hotels & Resorts, LLC

By:     s/ Alain Villeneuve
        One of Their Attorneys

Alain Villeneuve, Bar No. 06279975
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500

Dated:  July 22, 2016

CHICAGO/#2867766.3

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 22nd day of July, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to all counsel of record.

<u>s/ Alain Villeneuve</u>

23