UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LHO CHICAGO RIVER, L.L.C., | ) |
| Plaintiff, | ) |
| v. | ) 16 C 6863 |
| ROSEMOOR SUITES, LLC, PORTFOLIO HOTELS & RESORTS, LLC, and CHICAGO HOTEL, LLC, | ) Judge Charles P. Kocoras |
| Defendants. | ) |

**ORDER**

Now before the Court is a trio of interrelated issues raised by both Plaintiff LHO Chicago River, L.L.C. ("LHO") and Defendants Rosemoor Suites, LLC, Portfolio Hotels & Resorts, LLC, and Chicago Hotel, LLC (collectively, "Defendants"). First is LHO's Amended Motion for Voluntary Dismissal ("Motion"), with prejudice, of its Amended Complaint pursuant to Fed. R. Civ. P. 41(a)(2).

Second, on May 17, 2017, the Court issued an order dismissing Defendants' counterclaim seeking declaratory judgment for "federal trademark infringement and unfair competition" in violation of the Lanham Act, 15 U.S.C. § 1125(a). In their response brief, Defendants now ask the Court to reconsider its dismissal and reinstate their counterclaim for declaratory judgment.

Third, Defendants' only remaining counterclaim is for deceptive business practices, brought under the Illinois Uniform Deceptive Trade Practices Act

1

("IUDTPA"), 81 ILCS 510/1 *et seq*. Defendants request that the Court exclude the remaining counterclaim from any potential dismissal of LHO's Amended Complaint and retain the counterclaim as pending litigation.

## I. LHO's Motion

The trigger for the instant conflict between the parties was LHO's filing on August 18, 2017, of its Amended Motion for Voluntary Dismissal of its Amended Complaint. We devote our attention first to the substance of that request, brought under Fed. R. Civ. P. 41(a)(2).

Rule 41 sanctions dismissal of an action "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2). "The district court abuses its discretion only when it can be established the defendant will suffer plain legal prejudice as a result of the district court's dismissal of the plaintiff's action." *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986) (internal quotation marks omitted).

Here, Defendants do not oppose dismissal of LHO's Amended Complaint, with prejudice, as long as Defendants' counterclaims, addressed *infra*, can remain pending for independent adjudication. Defendants present no argument whatsoever that the Court maintain jurisdiction over the Amended Complaint, instead devoting their briefing to the prejudice that will befall them should their counterclaims be dismissed.

Defendants' implicit concession is that the Amended Complaint ought to be dismissed regardless of the Court's handling of Defendants' counterclaims. While the

2

Seventh Circuit has identified "four factors that throw light on whether this kind of prejudice would arise," the Court "abuses its discretion only if the *defendant[s]* show[] that [they] will suffer plain legal prejudice." *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008) (emphasis added, internal quotation marks omitted). The factors are: (1) Defendants' effort and expense of preparation for trial; (2) excessive delay and lack of diligence on LHO's part in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) the fact that Defendants may have filed a motion for summary judgment. *Id*. Defendants have neither shown nor even attempted to make a showing of any of the factors that might advise against dismissal of the Amended Complaint.

      Rather, Defendants' true concern appears to lie with the fate of their counterclaims, as they dedicate substantial briefing to the prejudicial effect of the Court's potential disinclination to maintain jurisdiction over said counterclaims. We are sensitive to Defendants' concerns in this regard and commit considerable attention to them, *infra*, but without anything to suggest that the Amended Complaint itself must be maintained, we are hard-pressed to conjure reasons to deny a voluntary dismissal.

      Because Defendants decline to discuss how a prejudicial dismissal of the Amended Complaint would harm them and do not outright oppose such a dismissal, LHO's Motion is granted. *See Mold-Masters Ltd. v. Melt Design, Inc.*, 2005 WL 2456945, at *2 (N.D. Ill. Oct. 5, 2002) ("…as [the defendant] does not oppose a

3

prejudicial dismissal of the main case…the motion to voluntarily dismiss the main complaint pursuant to Rule 41(a)(2) is granted….").  The Amended Complaint and all claims against Defendants are dismissed, with prejudice.

## II. Defendants' Request for Reinstatement of Their Already-Dismissed Counterclaim for Declaratory Judgment

On May 17, 2017, the Court dismissed Defendants' counterclaim seeking declaratory judgment because it was both duplicative of Defendants' affirmative defenses and the issues it contemplated were already before the Court by virtue of "the allegations in the Complaint, the evidence presented at the Preliminary Injunction Hearing…and the findings of fact in the Court's Opinion dated February 3, 2017…." Now, Defendants ask the Court to reinstate their already-dismissed counterclaim, out of "fear that this case is far from over."

However, with LHO's case prejudicially dismissed, Defendants' renewed desire to seek declaratory judgment is doubly redundant, as our sister district court explained less than a decade ago:

> Because [the plaintiff] has agreed to dismiss its Counterclaim with prejudice, it is precluded from bringing suit against [the defendant] on this issue.  In other words, [the plaintiff] has successfully defended its trade name and mark.  *See Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) (following a dismissal with prejudice, the "defendant cannot be made to defend again").

*Amerimax Real Estate Partners, Inc. v. RE/MAX Intern., Inc.*, 600 F.Supp.2d 1003, 1007 (N.D. Ill. Mar. 9, 2009).  That LHO might be "contemplating a new venue of attack" does not undo the legal effect that a prejudicial dismissal has on the dispute at

the heart of this case. "A dismissal with prejudice is as conclusive of the rights of the parties as an adverse judgment after trial, being res judicata of all questions which might have been litigated in the suit." *Phillips v. Shannon*, 445 F.2d 460, 462 (7th Cir. 1971) (internal citation and quotation marks omitted).

Moreover, as LHO discusses, Defendants neglect to discuss the statutory requirement that any action seeking declaratory judgment be grounded in "a case of actual controversy." 28 U.S.C. § 2201(a). "[T]he phrase 'case of actual controversy' in the [Declaratory Judgment Act] refers to the types of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937)). A justiciable controversy must be a "real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna*, 300 U.S. at 241.

In *CIBER, Inc. v. CIBER Consulting, Inc.*, a fellow district court in the Northern District of Illinois dealt with a case of eminently similar posture to that at issue here. 326 F.Supp.2d. 886 (N.D. Ill. Jul. 6, 2004). The *CIBER* plaintiff brought suit against the collective defendants for trademark infringement and other alleged violations of trade and consumer laws. *Id.* at 887. The defendants filed a counterclaim requesting the cancellation of plaintiff's trademark, and the plaintiff

5

ultimately responded with a motion to dismiss both its own claims, with prejudice, as well as the defendants' counterclaim, without prejudice, as moot. *Id*.

Citing a leading Federal Circuit case for precedent, the court noted that the mere adversity of commercial interests between parties does not equate to the parties "'having adverse *legal* interests'" (quoting *Aetna*, 300 U.S. at 758), which is required for a controversy to be justiciable. *CIBER*, 326 F.Supp.2d at 889 (citing *Windsurfing Int'l Inc. v. AMF Inc.*, 828 F.2d 755 (Fed. Cir. 1987)). In *CIBER*, because of the prejudicial dismissal of the plaintiff's complaint, only a commercial adversity remained. "In the absence of such an infringement suit, or the threat of such a suit, there is no justiciable case or controversy." *CIBER*, 326 F.Supp.2d at 889. The *CIBER* court also offered what amounts to a direct response to the instant Defendants' concerns about future litigation:

> Defendants' assertion that plaintiff will most assuredly reassert a claim for trademark infringement if and when defendants' business expands or changes in any way, does not dictate a contrary outcome. Defendants state that they have every intention of expanding their business…. Defendants' stated intentions with respect to their use of "CIBER," without more, however, are insufficient to create a justiciable controversy.

*Id*. (internal quotation marks omitted). Relying on the principles outlined in *Aetna* and *Windsurfing Int'l*, and pursuant to Rule 41(a)(2), the court granted both the prejudicial dismissal of the plaintiffs' complaint and the non-prejudicial dismissal of the defendants' counterclaim. *Id*. at 894.

The teachings of *CIBER* resonate emphatically in the present dispute. Defendants, concerned about the possibility of LHO bringing a new lawsuit based on a slight alteration of the Asserted Mark HOTEL CHICAGO, are seeking to avoid future litigation born of analogous factual predicates. The hypothetical prospect of eventual action on LHO's part, however, stems from the competing commercial posturing of the parties. Indeed, the ripeness of such conflict in the economic marketplace is inherent. Such ever-present competition does not, however, indicate the ripeness of an adversity of *legal* interests between the parties. "The residual possibility of a future infringement suit based on [defendant's] future acts is simply too speculative a basis for jurisdiction over [defendant's] counterclaim for declaratory judgments…." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1005, 1060 (Fed. Cir. 1995) (*overruled on other grounds by MedImmune*, 549 U.S. at 127). Defendants' fear of some subsequent run-in with LHO may well be warranted, but they do not create a justiciable case or controversy today. Defendants' request to have their counterclaim reinstated is denied.

### III. Defendants' Request to Maintain Their IUDTPA Claim as Pending Litigation

Defendants' only remaining action in this suit is their counterclaim against LHO brought under the IUDTPA. Citing to *Lucien Lelong, Inc. v. Dana Perfumes, Inc.*, 138 F.Supp. 575 (N.D. Ill. Dec. 22, 1955), Defendants request that their counterclaim remain pending, arguing that the dismissal of an original complaint on

7

non-jurisdictional grounds does not require dismissal of a compulsory counterclaim, even where the counterclaim alleges no independent jurisdictional grounds. LHO does not contest Defendants' reading of the governing law, but instead pines for dismissal on the theory that the IUDTPA counterclaim is moot.

Defendants' remaining counterclaim advances a theory that LHO's "unfair and anti-competitive business practices have caused, and will continue to cause, injury to Defendants…." An IUDTPA action does not seek to remedy such harm by way of money damages, but through injunctive relief. 815 ILCS 510/3. Maintenance of such a claim could only result in the Court's enjoining LHO from asserting the HOTEL CHICAGO mark at the center of the dispute. The prejudicial dismissal of this case, however, mandates that result matter-of-factly. Via operation of this case's dismissal, with prejudice, LHO is functionally – if not, in the technical sense, legally – enjoined from asserting the HOTEL CHICAGO mark, since any attempt to so enforce will be thrown out of court for conflicting with our prejudicial dismissal.

"While mere voluntary cessation of allegedly illegal conduct does not moot a case, a case does cease to be a live controversy if the possibility of recurrence of the challenged conduct is only a speculative contingency." *Burbank v. Twomey*, 520 F.2d 744, 747—48 (internal citations and quotation marks omitted). Here, the possibility of recurrence is foreclosed by way of our dismissal's prejudice. Indeed, Defendants do not even suggest that recurrence is foreseeable, instead praying that the Court sympathize with their plight should LHO seek to assert some unforeseen different

8

mark with a resemblance to the HOTEL CHICAGO mark. As discussed *supra*, however legitimate Defendants' concerns in this regard, they lie beyond the gaze, and legal authority, of the Court. No injunctive relief for hypothetical assertions of dissimilar marks is available under the IUDTPA, and any injunctive relief stemming from the facts alleged in this case would be operationally tautological. Defendant's IUDTPA counterclaim is dismissed, without prejudice, as moot.

## CONCLUSION

For the aforementioned reasons, the Court grants LHO's Motion, declines to reinstate Defendants' counterclaim for declaratory judgment, and dismisses Defendants' IUDTPA counterclaim, without prejudice, as moot. It is so ordered.

Dated: 2/21/2018

_____

Charles P. Kocoras
United States District Judge