## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LHO CHICAGO RIVER, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16 C 6863 |
| | ) | |
| ROSEMOOR SUITES, LLC, PORTFOLIO | ) | |
| HOTELS & RESORTS, LLC, and | ) | |
| CHICAGO HOTEL LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendants Rosemoor Suites, LLC, Portfolio Hotels &
Resorts, LLC, and Chicago Hotel, LLC's (collectively, "Defendants") renewed motion
for attorney's fees under 15 U.S.C. § 1117(a).  For the following reasons, the Court
denies the motion.

## BACKGROUND

Plaintiff LHO Chicago River ("LHO") is a Delaware limited liability company
with a principal place of business in Illinois.  Defendants are Illinois limited liability
companies with principal places of business in Illinois.  Both LHO and Defendants
operate separate hotel businesses in Chicago, Illinois, each called "Hotel Chicago,"
which gave rise to the underlying trademark infringement and unfair competition claims
in this dispute.

On June 30, 2016, LHO filed its initial complaint against Defendants, alleging violations of the Lanham Act, 15 U.S.C. § 1125(a), the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 et seq., and Illinois common law. After almost two years of litigation, LHO moved for voluntary dismissal of its claims with prejudice. The Court granted the dismissal and entered judgment on February 21, 2018.

On April 1, 2019, the Court denied Defendants' motion for attorney's fees under the Lanham Act, 15 U.S.C. § 1117(a), applying the Seventh Circuit's "abuse of process" standard.[1] On appeal, the Seventh Circuit abandoned the "abuse of process" standard and adopted the U.S. Supreme Court's standard in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014), which interpreted an identical attorney's fee provision in the Patent Act. *LHO Chicago River, LLC v. Perillo*, 942 F.3d 384, 388–389 (7th Cir. 2019). On February 26, 2020, Defendants filed the instant renewed motion for attorney's fees.

## LEGAL STANDARD

Under 15 U.S.C. § 1117(a), "[t]he court in exceptional circumstances may award reasonable attorney fees to the prevailing party." A case is considered "exceptional" when it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane*, 574 U.S. at 554. This

---

[1] *See* 1:16-cv-6863, Dkt. # 175.

inquiry is done on a case-by-case basis in which the Court considers the totality of the circumstances. *Id.*

The Court considers a nonexclusive set of factors when determining whether to award attorney's fees. *Perillo*, 942 F.3d at 386. "Those factors include 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (quoting *Octane*, 572 U.S. at 554 n.6). The prevailing party must prove that the case is exceptional by a preponderance of the evidence. *Octane*, 572 U.S. at 557–558.

## DISCUSSION

Defendants argue that they are entitled to fees because this case presents facts similar to those considered by the District Court on remand in *Octane*. *Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, 112 F. Supp. 3d 888 (D. Minn. 2015) ("*Octane Remand*"). The Court in *Octane Remand* awarded fees because of both an exceptionally weak litigation position and an unreasonable manner of litigation by the plaintiff. We address each issue in turn.

### I. Substantive Strength of Litigation Position

Defendants argue that this case is "the weakest imaginable" because the mark was, at best, a descriptive mark with no secondary meaning. LHO responds that Defendants have not proven that this case involved "frivolousness" or "objective unreasonableness"

and that the lack of consumer testimony and consumer surveys is not exceptional. We agree with LHO.

Where a party sets forth some good faith argument in favor of its position, it will generally not be found to have advanced "exceptionally meritless" claims. *Intex Recreation Corp. v. Team Worldwide Corp.*, 77 F. Supp. 3d 212, 217 (D.D.C. 2015). Conversely, "Courts have awarded attorneys' fees . . . where a party advances arguments that are particularly weak and lack support in the record or seek only to re-litigate issues the court has already decided." *Octane Remand*, 112 F. Supp. 3d at 892.

In *Octane Remand*, the District Court found that the plaintiff's case was exceptionally weak because the arguments advanced the plaintiff "bore no relation to what the . . . patent disclosed and covered. The claim language, specification, prosecution history, inventor testimony, and Icon's own expert testimony posed major obstacles to Icon's success on the merits." *Id.* at 895.

The same cannot be said here. During the underlying proceedings, LHO argued that the "Hotel Chicago" mark was a descriptive mark with secondary meaning. LHO provided evidence of "significant, widespread marketing efforts, global promotion, and sales volume" to demonstrate that the mark acquired secondary meaning. LHO also provided evidence that it owned the mark, had priority to the mark, and evidence of numerous instances of customer confusion. While, as Defendants argue, LHO used the mark for a short period of time and had no consumer surveys or testimony, "length of time by itself is not a determinative factor," and the lack of consumer survey evidence

is not fatal. *Platinum Home Mortg. Corp. v. Platinum Fin. Grp., Inc.*, 149 F.3d 722, 728 (7th Cir. 1998). LHO's evidence ultimately fell short at the preliminary injunction stage, but its arguments and evidence were not so exceptionally weak so as to make this case "stand out." In fact, Magistrate Judge Cox believed that the preliminary injunction should have been granted, showing that the case was not unmeritorious. Accordingly, Defendants have not proven that LHO's case was exceptionally weak or frivolous.

## II.  Unreasonable Manner of Litigation

Defendants next argue that this case is exceptional because of LHO's manner of litigation. To support this argument, Defendants first provide an email between members of LHO management that shows they knew the "Hotel Chicago" mark could not be afforded trademark protection and reflects an improper motivation in bringing the suit. The email reads in part, "[B]ecause we cannot trademark the name Hotel Chicago, our best protection is to start using it to build name equity." Similarly, Defendants also argue that an internal marketing plan from 2015,[2] which identified a "weakness" in the brand identity of the hotel, also shows that the suit was frivolous or brought for an improper purpose.

Defendants attempt to liken this evidence to the emails considered by the district court in *Octane Remand*. 112 F. Supp. 3d at 898. The emails in *Octane Remand*, sent after the litigation began, stated that the patent was "sitting on the shelf" for over ten years and that the plaintiffs were going to get "royalties plus compensation." *Id.* The

---

[2] Filed under seal.

District Court noted that the details in these emails were not publicly available and suggest that the information was learned from upper management. *Id.* Thus, the Court concluded, it was more likely than not that the views expressed in the email were the views of those involved in the decision to bring the lawsuit and reflected an improper motive in bringing the suit. *Id.*

LHO argues that the email is a statement from a non-lawyer who is confusing the terms "trademark" and "trademark protection." Moreover, LHO argues that this email from 2013 does not provide evidence of frivolousness. In regard to the marketing plan, LHO notes that a mark can acquire secondary meaning in a short period of time.

We note that this email gives some reason for pause. However, this evidence does not foreclose the possibility that LHO had a good-faith belief that it acquired secondary meaning for the mark in the time since the email and marketing plan were published. Unlike the emails in *Octane Remand*, the evidence here does not directly show the motivations of LHO management at the time the suit was brought because the evidence was from years before the litigation was commenced. Accordingly, we do not believe the email and marketing plan show that LHO believed the case was frivolous when the case was filed or that the case was brought for an improper purpose.

Defendants next argue that LHO did not conduct a prefiling analysis. The District Court in *Octane Remand* noted, "The absence of [evidence of] a pre-filing analysis, when combined with Icon's exceptionally weak litigation position, leads to the inference that the pre-filing investigation resulted in a conclusion that probable success on the

merits was remote." *Id.* at 897. Defendants say that if LHO conducted a pre-filing analysis comparing LHO's case to Seventh Circuit precedent in *Platinum*, 149 F.3d 722, it would have realized the case is weak. Moreover, Defendants argue that LHO knew or should have known that Defendants filed a trademark application with the U.S. Patent and Trademark Office (USPTO), which was denied by the USPTO because it was a descriptive mark, and registered the name "Chicago Hotel LLC, dba Hotel Chicago" with the Illinois Secretary of State.

LHO responds that the denial of the Hotel Chicago mark by the USPTO is not evidence that they brought a pretextual or meritless claim. Moreover, LHO argues that their claims were not precluded by *Platinum* because the factors in that case are not dispositive and there are several "favorable precedents" in the Seventh Circuit.

The fact that Defendants registered "Chicago Hotel, LLC" and "Hotel Chicago" with the Illinois Secretary of State merely demonstrates the intent to use a mark and does not show any rights to the mark. *See Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 504 (7th Cir. 1992). Similarly, that the USPTO denied the mark is not evidence showing the case was brought frivolously, as LHO believed it had common law rights to the mark and that the mark had acquired secondary meaning. Lastly, even if LHO did not conduct a prefiling analysis, LHO's case was not so extremely unmeritorious as in *Octane Remand*. LHO provided evidence and relied on Seventh Circuit precedent to argue in good faith that it was entitled to a preliminary injunction, and ultimately final judgment. While this Court denied the preliminary injunction, Magistrate Judge Cox

recommended that the preliminary injunction be granted, showing that LHO's case was not wholly unmeritorious. A prefiling analysis would not have shown LHO that it had no chance to succeed on the merits. Accordingly, this evidence does not show litigation misconduct by LHO in bringing this case.

Defendants next argue that LHO wrongfully sued Joe Perillo ("Perillo"). In *Octane Remand*, the plaintiff included a peripheral party "to establish venue in an inconvenient and high-cost district." 112 F. Supp. 3d at 897. Defendants say that no justification has been given for adding Perillo as a party. Additionally, Defendants say that LHO repeatedly attacked Perillo by questioning him about a bedbug incident that Defendants argue is not relevant to this case.

LHO argues that it had good faith to involve Perillo, as he is the sole member of Defendants Chicago Hotel, LLC and Rosemoor Suites, LLC. Additionally, LHO argues that Perillo holds himself out as the owner of the Hotel Chicago in the Medical District, providing several news articles indicating such. Lastly, LHO contends that it had a good-faith belief to ask the bedbug questions, because if there was confusion between the two hotels, the bedbug issue could cause reputational harm.

We do not believe that Perillo was sued in bad faith. Unlike the peripheral party in *Octane Remand*, Perillo was not sued just to establish venue. The explanation and evidence proffered by LHO shows that it had reason to believe that Perillo may have been involved in the alleged trademark infringement, as he is sole member of two of the Defendants.

8

Defendants also note that LHO never asked the General Manager of the Medical District hotel, Imran Jivani, about the bedbug incident, but repeatedly asked Perillo about the bedbug issue despite the Court's objections.  But this appears to be untrue.  According to the transcript cited by Defendants,[3] Jivani *was* asked about the bedbug incident, and the Court objected.  Prior to this, Perillo was asked two questions about the incident without issue.  Accordingly, we do not believe this evidence proves litigation misconduct by LHO with regards to Perillo.

Defendants next argue that the depositions were "riddled with abuse."  Defendants say that LHO's witnesses lacked personal knowledge of important information, were evasive, and that LHO repeatedly questioned a defense witness about an unrelated criminal matter.  Defendants argue that this was abusive and wasteful.  LHO contends these actions are "rather commonplace discovery complaints."  While these actions were certainly bad, we do not believe they are so egregious and reprehensible to make the case "stand out" from others and merit fee-shifting.  *See Octane*, 572 U.S. at 554 ("an 'exceptional' case is simply one that stands out from others").

Defendants next argue that LHO's first appeal, which LHO ultimately dismissed, was judicial waste.  Defendants say LHO forced it into a "pointless and costly" mediation and needlessly delayed the appeal.  LHO argues, and we agree, that LHO was entitled to appeal the denial of the preliminary injunction as a matter of right.  28 U.S.C. 1292(a).  Additionally, as we noted in the previous Order, participating in

---

[3] 1:16-cv-6863, Dkt. # 93.

9

mediation signals an intent to end the litigation, not to needlessly prolong it. Accordingly, the evidence does not indicate litigation misconduct by LHO with respect to the first appeal.

Finally, Defendants argue that LHO did not provide the Defendants with a covenant-not-to-sue. Defendants say that they fear being sued by LHO's new owners, Pebblebrook Hotel Trust. LHO argues that this evidence is irrelevant because settlement negotiations cannot be used as evidence of bad-faith litigation conduct. We believe that this evidence, without more, is not evidence of litigation misconduct as it merely shows that the parties did not agree on the terms of a covenant-not-to-sue. Defendants do not provide evidence that LHO was unreasonable in negotiations, for example. Thus, the evidence does not show litigation misconduct by LHO with respect to the covenant-not-to-sue.

Considering the totality of the circumstances, the Defendants have not proven by a preponderance of the evidence that this case "stands out" from other cases. Accordingly, an award of attorney's fees is not appropriate in this case.

## CONCLUSION

For the reasons mentioned above, the Court denies Defendants' renewed motion for attorney's fees. It is so ordered.

Dated: 07/15/2020

Charles P. Kocoras
United States District Judge

10